STUART SLOAME, Individually and on Behalf of All Others Similarly Situated, Respondent, v MADISON SQUARE GARDEN CENTER, INC., Appellant.

First Department, February 15, 1977

*Benjamin Vinar* of counsel *(Thomas R. Newman* and *Barry G. Saretsky* with him on the brief; *Bower & Gardner,* attorneys), for appellant.

*Sol Freedman* for respondents.

LUPIANO, J. P. Initially, it is noted that on this record there was no justification for Special Term to deem defendant's

motion for summary judgment pursuant to CPLR 3212 to be one to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7). While a motion pursuant to CPLR 3211 (subds [a] or [b]) could be considered and treated as a motion for summary judgment (as provided by CPLR 3211, subd [c]), there is no corresponding provision in CPLR 3212. Issue having been joined, defendant properly moved for CPLR 3212 relief.

The facts, simply stated, follow. Plaintiff is a season ticket subscriber to all games played by the New York Rangers Hockey Club at Madison Square Garden. Upon purchase of said subscription, plaintiff signed an invoice which provided, *inter alia,* that "Upon receipt of tickets purchased hereunder, risk of loss or theft of said tickets shall pass to subscriber. Center shall not be obligated to admit subscriber to events unless tickets delivered hereunder are presented at such time."

Plaintiff concedes that defendant possessed the right to refuse him admission to the arena when he sought entry without the requisite ticket, said ticket having been allegedly misplaced or lost. That, however, was not the course adopted by defendant. Rather, defendant and plaintiff agreed to the following: Defendant sold to plaintiff a ticket of admission for the same seat to which plaintiff possessed a subscription and furnished plaintiff with proof of payment therefor; if plaintiff at a later date is able to produce both the proof of payment and the ticket allegedly lost or misplaced, defendant would refund the cost of the ticket of admission. Additionally, defendant and plaintiff agreed that if someone possessing the ticket to plaintiff's seat should claim the seat, plaintiff would vacate "his" seat for another. It is the theory of plaintiff's cause that the exaction of two payments for the same seat unjustly enriched defendant. Plaintiff so alleged, both in his own behalf and in behalf of others similarly situated. The complaint also recites a cause asserting that the requirement of an additional payment is a breach of defendant's contract with plaintiff.

At the outset, it should be observed that plaintiff's quarrel is not with defendant's refusal to grant a refund in the event his lost or misplaced ticket is not presented. The sole gravamen of the complaint is defendant's exaction of a second payment.

The theory underlying plaintiff's complaint, and Special Term's decision, is that a seat, having once been sold, may not

be sold again. That theory would perhaps be tenable if there were any degree of assurance that the possessor, if any, of the allegedly lost or misplaced ticket would utilize same not only to secure admission to the area, but to claim possession of the seat represented by the ticket; an assurance that is here absent. Rather, it is more likely that one possessing a ticket to which he is not entitled will seek refuge in the anonymity of the arena, and not the notoriety attendant upon occupation of the proper seat. Otherwise stated, the empty seat affords no assurance that the ticket has not been utilized. And if that assumption is warranted, defendant is not unjustly enriched. And lest it be thought that conjecture is no substitute for facts, it should be noted that defendant operates an indoor arena seating approximately 20,000 persons. To require defendant to place each one in his appointed place is to thrust an insuperable burden upon defendant, one that so far departs from custom and practice as to indicate that it is unwise, plaintiff's assertions to the contrary notwithstanding.

This case stands on a simple footing. Plaintiff concededly failed to perform the condition precedent necessary to secure admission to the arena. True, until he disclosed his plight, defendant dares not sell a ticket for that seat to another. Nor, however, need defendant admit plaintiff to the arena on special terms. However, upon plaintiff's representation, to defendant's satisfaction, that plaintiff is entitled to occupy the seat, defendant undertook to place plaintiff in his seat. Unable to ascertain whether plaintiff's ticket was availed of, defendant attached certain conditions to plaintiff's admission, one of which at least worked to plaintiff's benefit, to wit, the right to secure a refund if his lost or misplaced ticket was located. That plaintiff was obligated to remove himself if another appeared with a ticket to that seat is understandable. Plaintiff was the second in time to purchase the same ticket.

Defendant here undertook to do that which it was not bound to do. Plaintiff agreed with the course proposed. A new and separate contract was formed. There is no unjust enrichment. Moreover, in the circumstances, the course is a reasonable solution to a difficult problem—a problem brought about by plaintiff's failure to superintend his property. Patently, this is not a situation where a defendant is being "allowed to enrich himself unjustly at the expense of another" or where

money was obtained by the defendant "in the absence of any agreement."*

On this record it is clear that defendant is entitled to summary judgment in its favor.

The order of the Supreme Court, New York County (BAER, J.), entered June 16, 1976, denying defendant's motion for summary judgment pursuant to CPLR 3212, which was considered by Special Term as one made pursuant to CPLR 3211 to dismiss the complaint for failure to state a cause of action, should be reversed, on the law, with costs and disbursements, and the motion for summary judgment pursuant to CPLR 3212 should be granted.

BIRNS and LANE, JJ., concur; NUNEZ, J., dissents and votes to affirm for reasons stated by BAER, J., at Special Term.

Order, Supreme Court, New York County entered on June 16, 1976, reversed, on the law, the motion granted and the complaint dismissed. Appellant shall recover of respondents $60 costs and disbursements of this appeal.

---

\* It has been aptly observed: "A *quasi* or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which *ex acquo et bono* belongs to another. Duty, and not a promise or agreement or intention of the person sought to be charged, defines it. It is fictitiously deemed contractual in order to fit the cause of action to the contractual remedy" *(Miller v Schloss,* 218 NY 400, 407).