OPINION OF THE COURT
Peter Tom, J.
The issue raised in this action is what recourse does a holder of season tickets for a professional football team have when the tickets are lost.
Claimant purchased season tickets from defendant for the New York Jets football team' in September 1989. Shortly after *303 the football season began, claimant notified defendant that the tickets were lost and requested replacement tickets. Defendant informed claimant that the Jets’ policy regarding ticket holders who have lost or misplaced their tickets is to allow the ticket holder an opportunity to purchase a new season ticket subscription for the same designated seats. There is no refund or replacement for the lost tickets, however, if the tickets are later found by the holder, the club would give a refund for the unused tickets.
Claimant then purchased two of his three season tickets and commenced this action for double billing and unjust enrichment.
The causes of action for double billing and unjust enrichment are based on the theory that the two sales transactions represented one single contract, and that defendant charged the claimant twice for the same designated seats.
This argument cannot prevail since the two sales transactions made between the parties constituted separate and distinct contracts. Claimant originally purchased three season tickets for the New York Jets. The season tickets gave claimant the right and privilege to view home games of the New York Jets football team from the designated seats. The condition precedent in the contract provides that the ticket holder must present the ticket at the gate for admission. Claimant could not meet this condition and by his own conduct has caused his own inability to reap the benefit of the agreement. Defendant has fulfilled its end of the bargain between the parties. It is printed clearly on the ticket that, "Tickets cannot be replaced if lost, stolen or destroyed.”
The subsequent sale and purchase of season tickets between the parties constituted a new and separate contract. Although defendant sold tickets twice to claimant for the same seasonal seats, the second sale was made at the request of claimant who could not fulfill his contractual obligation for admission under the first contract with defendant. Defendant was under no obligation to sell claimant new tickets for the same seats. However, the second set of tickets were offered for sale to claimant as an option which would permit him to attend the Jets’ games. Claimant accepted the option by purchasing the new tickets. Defendant has also offered claimant a refund if the original tickets are found.
Defendant argues that the Jets’ policy of no refund or replacement and the opportunity to purchase a new ticket *304 subscription was made to balance two competing interests. On the one hand, the Jets do not want to deprive ticket holders who have actually lost or misplaced their tickets of the opportunity to attend and view Jets’ games in their contracted seats. On the other hand the Jets organization had to devise a procedure by which individuals who did not purchase Jets’ tickets are prevented from entering the stadium which can cause serious security problems.
The Jets’ present policy concerning claims of lost and misplaced tickets has been implemented for approximately nine years. Prior to this policy, the Jets organization learned that many season ticket holders would falsely claim to have lost or misplaced their tickets in order to obtain a new and free set of season tickets. The ticket holder would then give a set of tickets to friends, relatives or ticket scalpers who would use or sell them to gain improper entry into the stadium. This not only caused theft of services but also created a security problem which affected the safety and welfare of the other attendants. Often the intruders would sit in the seats of other fans which created arguments and possibly at times altercations. This situation resulted in a security nightmare for the Jets organization. Defendant argues that since the implementation of this policy the claims of lost Jets’ tickets have decreased by 30%.
The court finds that the present policy of the Jets regarding claims of lost or misplaced tickets is not only sound but is a necessary precaution to insure the general safety and welfare of attendants who attend Jets’ games. Defendant claims that most of the major metropolitan sports teams have the same policy including the Knicks, Rangers, Giants, Nets and the Devils.
Since the two ticket sales transactions made between the parties represented separate contracts, defendant could not be held liable for double billing or unjust enrichment as urged by claimant. (Sloame v Madison Sq. Garden Center, 56 AD2d 92, affd 43 NY2d 656.) The recourse of obtaining a free duplicate set of tickets from defendant for those bona fide ticket holders who actually lost or misplaced their tickets has been extinguished by the action of those unscrupulous fans who have abused the Jets’ earlier policy of free replacement tickets to gain improper entry by others into the stadium.
Based on the foregoing, claimant’s causes of action against defendant are dismissed.